IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civil No. 08-5348(ADM/JSM)

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. )
)
1.   THOMAS JOSEPH PETTERS; )
     PETTERS COMPANY INC., )
     PCI; PETTERS GROUP WORLDWIDE, LLC; )
2.   DEANNA COLEMAN aka DEANNA MUNSON; )
3.   ROBERT WHITE; )
4.   JAMES WEHMHOFF; )
5.   LARRY REYNOLDS dba )
     NATIONWIDE INTERNATIONAL RESOURCES )
     aka NIR; )
6.   MICHAEL CATAIN dba )
     ENCHANTED FAMILY BUYING COMPANY; )
7.   FRANK E. VENNES JR. dba )
     METRO GEM FINANCE, )
     METRO GEM INC., )
     GRACE OFFERINGS OF FLORIDA LLC, )
     METRO PROPERTY FINANCING, LLC, )
     38 E. ROBINSON, LLC, )
     55 E. PINE, LLC, )
     ORLANDO RENTAL POOL, LLC, )
     100 PINE STREET PROPERTY, LLC, )
     ORANGE STREET TOWER, LLC, )
     CORNERSTONE RENTAL POOL, LLC, )
     2 SOUTH ORANGE AVENUE, LLC, )
     HOPE COMMONS, LLC, )
     METRO GOLD, INC.; )
)
        Defendants. )

## ORDER FOR ENTRY OF PRELIMINARY INJUNCTION, APPOINTMENT OF RECEIVER, AND OTHER EQUITABLE RELIEF

Pursuant to 18 U.S.C. § 1345 and Federal Rule of Civil Procedure 65, Plaintiff United States of America ("United States") filed a Complaint for Permanent Injunction and Other Equitable Relief and moved for a ex parte Temporary Restraining Order ("TRO"), Preliminary Injunction, and Other Equitable Relief. On October 3, 2008, the Court issued an *ex parte* TRO and an Order to Show Cause why a Preliminary Injunction should not be issued. The Court set a hearing on the United States's motion for October 10, 2008. An Amended Complaint was filed on October 6, 2008. Previously, on October 6, 2008, a Stipulation was entered by the United States and Defendants Petters Company Inc., and Petters Group Worldwide, LLC. et. al. The Court approved that Stipulation and appointed Douglas A. Kelley, Esq. as receiver for those Defendants. The United States and Defendants Petters, Deanna Coleman, aka Deanna Munson, Robert White, James Wehmhoff, Larry Reynolds dba Nationwide International Resources aka NIR, and Michael Catain, dba Enchanted Family Buying Company, (hereinafter the "Defendants") have now also stipulated to an Entry of this Order for Preliminary Injunction, Order Appointing Receiver, and Other Equitable Relief.

2

# **FINDINGS OF FACT**

Based upon the Stipulation, and all the files, records, and proceedings in this matter, the Court makes the following Findings of Fact:

1. The Court has jurisdiction over the subject matter of this case and jurisdiction over the parties.

2. Venue lies properly with the Court.

3. Defendants have received the United States's Complaint for Permanent Injunction and Other Equitable Relief, dated October 2, 2008, and the Court's *ex parte* Temporary Restraining Order, dated October 3, 2008. Defendants have also received the United States's Amended Complaint dated October 6, 2008.

4. There is probable cause to believe that certain Defendants have committed and were continuing to commit, prior to the Court's Temporary Restraining Order of October 3, 2008, mail fraud, wire fraud, and banking fraud in violation of Title 18 of the United States Code.

5. There is probable cause to believe that the amount traceable to certain of the Defendants' fraudulent activities is at this time $3 billion.

6. There is probable cause to believe that immediate and irreparable harm will result from certain of the Defendants' ongoing violations of federal mail, wire, and banking fraud laws, absent entry of this Preliminary Injunction and Order.

7. The United States is likely to succeed on the merits of its Amended Complaint for Permanent Injunction and Other Equitable Relief.

8. Weighing the equities and considering the United States's likelihood of success in its cause of action, this Preliminary Injunction and Order is in the public interest.

9. No security is required of the United States for issuance of a Preliminary Injunction, pursuant to Federal Rule of Civil Procedure 65(c).

## I. **ASSET FREEZE**

IT IS THEREFORE ORDERED that Defendants THOMAS JOSEPH PETTERS; DEANNA COLEMAN aka DEANNA MUNSON; ROBERT WHITE; JAMES WEHMHOFF; LARRY REYNOLDS dba NATIONWIDE INTERNATIONAL RESOURCES aka NIR; MICHAEL CATAIN dba ENCHANTED FAMILY BUYING COMPANY and any affiliates, subsidiaries, divisions, successors, or assigns in which any of the foregoing Defendants has a controlling interest; their agents; including financial and banking institutions and other entities having

possession or control of the Defendants' assets; their officers; their employees; and all persons in active concert or participating with the Defendants in their affairs are hereby restrained and enjoined:

A. from withdrawing or transferring up to and including $3 billion that is on deposit with or held on the Defendants' behalf by any financial or banking institution, broker-dealer, savings and loan, escrow agent, title company, commodity trading company, trust fund; or other financial agency, public or private, unless specifically authorized by Order of this Court; or being held by any other unrelated third party or insider of the defendants.

B. from transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, or otherwise disposing of, in any manner, assets in real or personal property, owned, gained, or acquired by the Defendants up to and including $3 billion, unless specifically authorized by Order of this Court; and

C. from opening or causing to be opened any safe deposit boxes or storage facilities titled in the name of the Defendants, or subject to access by the Defendants or under their control, without providing the United States prior notice and an opportunity to inspect the contents in order to

determine that they contain no assets covered by this Preliminary Injunction, unless specifically authorized by Order of this Court.

IT IS FURTHER ORDERED that all assets of the Defendants, including, but not limited to, real or personal property, accounts at any bank, savings and loan institution, broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, trust, or other financial institution of any kind, or being held by any other unrelated third party or insider of the Defendants, are deemed to be property of the Receivership and subject to the exclusive administration by the Receiver, as detailed in this Preliminary Injunction and Order.

IT IS FURTHER ORDERED that nothing in this Stipulation and Order shall limit any legal remedies available to the United States, including, but not limited to, seizing or restraining assets, or to pursue any of the assets subject to the terms of this Order in any criminal proceedings, civil or criminal forfeiture proceedings, or other actions brought on behalf of the United States.

## II. **DUTIES OF THIRD PARTIES HOLDING THE DEFENDANTS' ASSETS, INCLUDING FINANCIAL INSTITUTIONS**

IT IS FURTHER ORDERED that any financial or brokerage institution, bank, business entity, or person having possession, custody, or control of any account, safe deposit box, or any and all assets of any of the Defendants shall:

A. Hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other disposal of any such account or other asset, except:

1. for transfers or withdrawals directed by the Receiver for those assets over which the Receiver has control pursuant to this Order or any Order of this Court; or

2. by further Order of this Court;

B. Deny access to any safe deposit box titled in the name of the Defendants or otherwise subject to access by the Defendants;

C. Provide to the Receiver, appointed herein, within ten (10) business days of notice of this Preliminary Injunction and Order, a statement setting forth:

1. The identification of each account or asset, including real or personal property, titled in the name of any and all Defendants;

2. The balance of each account or a description of the nature and value of each asset under the name of any and all Defendants as hereinafter defined; and

3. The identification of any safe deposit box or storage facility that is either titled in the name of or subject to access by each of the Defendants.

D. Allow the Receiver immediate access to inspect or copy any records or other documentation pertaining to such account or asset owned or controlled by each of the Defendants, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the Receiver to obtain copies of any such records which the Receiver seeks, provided that such institution or custodian may charge a reasonable fee not to exceed twenty five (25) cents per page copied;

E. At the direction of the Receiver, and without further

order of this Court, convert any stocks, bonds, options, mutual funds, or other securities owned by each of the Defendants; and

F. Cooperate with all reasonable requests of the Receiver relating to implementation of this Preliminary Injunction and Order, including transferring funds at the Receiver's direction and producing records related to all accounts owned by each of the Defendants.

### III. **RECORDKEEPING AND BUSINESS OPERATIONS**

IT IS THEREFORE ORDERED that the Defendants; their agents, including financial and banking institutions and other persons or entities having possession or control of the Defendants' assets; their officers; their employees; and all persons in active concert or participating with the Defendants in their affairs must maintain all business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action; and are enjoined and restrained from:

A. Altering any business, corporate, foundation, banking, financial, and/or accounting records in their possession that could be material to this cause of action; and

B. Disposing of any business, corporate, foundation,

banking, financial, and/or accounting records in their possession that could be material to this cause of action.

C. All defendants shall provide to the Receiver, appointed herein, within (10) business days of notice of this Preliminary Injunction and Order, a statement setting forth:

1. The identification of each account or asset, including real or personal property, titled in the name of any and all Defendants;

2. The balance of each account or a description of the nature and value of each asset under the name of any and all Defendants as hereinafter defined; and

3. The identification of any safe deposit box or storage facility that is either titled in the name of or subject to access by each of the Defendants.

4. The identification of each account or asset, including real or personal property, being held by any other unrelated third party or insider of the Defendants, including the balance or value of such asset(s).

## IV. RECEIVERSHIP

A.   APPOINTMENT OF A RECEIVER

IT IS FURTHER ORDERED that **DOUGLAS A. KELLEY** is appointed Receiver for the Defendants with the full power of an equity Receiver. The Receiver shall be solely the agent of this Court in acting as Receiver under this Order and shall have judicial immunity. The Receiver shall be accountable directly to this Court and shall comply with any local rules of this Court governing receivers, as well as the Federal Rules of Civil Procedure. He is appointed Receiver for Defendants until such time as real or perceived conflicts arise, at which time he will consult the Court to determine how to proceed.

B.   RECEIVERSHIP POWERS AND DUTIES

IT IS FURTHER ORDERED that the Receiver is directed and authorized and given all necessary powers to accomplish the following:

1.   Take exclusive immediate custody, control, and possession of all the property, assets, and estates belonging to or in the possession, custody, or under the control of the Defendants, wherever situated, except those assets seized by the United States pursuant to valid orders of a court. The Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and

manage all assets of the Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Defendants ; PROVIDED, HOWEVER, the Receiver shall not attempt to collect any amount from a person if the Receiver believes the person was a victim of the mail, wire, or bank fraud scheme alleged in the Amended Complaint in this matter;

2. The Receiver shall also assume control over all ongoing business operations in which Defendants have a controlling interest, including but not limited to, ENCHANTED FAMILY BUYING COMPANY and NATIONWIDE INTERNATIONAL RESOURCES(AKA NIR). With regard to these business operations, the Receiver shall:

   a. Assume full and exclusive control of the operations of the Defendants removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, or agent of the Defendants from control of, management of, or participation in, the business affairs of each of the Defendants;

   b. Take all steps necessary or desirable to secure the business premises of the Defendants. Such

steps may include, but are not limited to, the following as the Receiver deems necessary or advisable: (a) completing a written inventory of all assets; (b) obtaining pertinent information from all employees and other agents and all accrued and unpaid commissions and compensation of each such employee or agent; (c) videotaping all portions of the above-referenced business locations; (d) securing the above-referenced business locations by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the locations;

c.  Manage, administer, and conduct the operations of the ongoing legitimate business operations of the Defendants, until further Order of this Court, by performing all incidental acts that the Receiver deems to be advisable or necessary;

d.  Choose, engage, and employ attorneys, accountants, appraisers, property managers, and other independent contractors and technical specialists or other professionals, with regard to the operations of the Defendants, as the Receiver deems advisable or necessary in the

performance of duties and responsibilities under the authority granted by this Preliminary Injunction and Order;

4. Defend, compromise, or settle legal actions wherein the Receiver or any of the Defendants is a party commenced prior to or subsequent to this Order with the authorization of this Court. The Receiver may waive any attorney-client privilege held by any of the corporate Defendants.

5. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of or exercising the authority granted by this Preliminary Injunction and Order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Defendants, including reasonable living expenses and/or attorneys fees, except payments that the Receiver deems necessary or advisable to secure assets or operations of each of the Defendants' ongoing business operations, which are found by the Receiver to be legitimate , including but not limited to rental payments, employee wages, critical vendors, etc.;

6. Maintain accurate records of all receipts and expenditures that the Receiver makes as the Receiver

14

under this Order;

7. Coordinate with representatives of the United States Attorney's office and Court personnel as needed to ensure that any assets subject to the terms of this Order are available for criminal restitution, forfeiture, or other legal remedies in proceedings commenced by or on behalf of the United States;

8. Share information regarding the assets under the Receiver's control and the management of those assets with the United States Attorney;

9. File a Status report every 60 days with the Court; and

10. The Receiver shall have the power and authority to perform any other act necessary or desirable to accomplish any of the foregoing.

C. COOPERATION WITH THE RECEIVER

IT IS FURTHER ORDERED that Defendants and their officers, agents, directors, servants, employees, salespersons, independent contractors, corporations, subsidiaries, affiliates, successors, and assigns shall fully cooperate with and assist the Receiver.

D. COMPENSATION OF RECEIVER

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable

compensation for the performance of duties pursuant to this Preliminary Injunction and Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of, or which may be received by, the Defendants. The Receiver shall make efforts to draw payment from the assets of the different defendants and their entities in proportion to the amount of time spent with regard to each. The Receiver shall file with the Court and serve on the Defendants, periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Preliminary Injunction and Order. Neither the Receiver nor his professionals shall increase the hourly rates used as the bases for such fee applications without twenty (20) days prior notice filed with the Court.

E. RECEIVER'S BOND

IT IS FURTHER ORDERED that the Receiver shall file with the Clerk of this Court a bond in the sum of $100,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court direction.

**V. JURISDICTION**

IT IS FURTHER ORDERED:

(1) The Court shall retain exclusive jurisdiction of

this matter for all purposes; and

(2) Civil discovery during the pendency of this Preliminary Injunction is stayed.

SO ORDERED.

BY THE COURT:

s/Ann D. Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: October 14, 2008.